UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

LARRY COCHRAN,

    Plaintiff,

v.       CAUSE NO. 2:20CV240-PPS/JEM

DAVID J. NOZICK, et al.,

    Defendants.

## OPINION AND ORDER

Larry Cochran, a prisoner without a lawyer, filed a complaint. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Cochran challenges the validity of his criminal conviction in *United States v. Cochran*, 2:06CR114 (N.D. Ind. filed July 20, 2005). Significantly, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or

sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Cochran's conviction and sentence have not been invalidated, so he may not proceed on this complaint. For the same reason, affording Cochran an opportunity to amend the complaint would be futile, so he may not proceed with this case. *See Carpenter v. PNC Bank, Nat. Ass'n*, 633 Fed. Appx. 346, 348 (7th Cir. 2016); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009).

ACCORDINGLY:

The court DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim upon which relief can be granted.

SO ORDERED on June 26, 2020.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT