UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LARRY COCHRAN,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DAVID J. NOZICK, et al.,<br><br>　　　　Defendants. | CAUSE NO. 2:20CV240-PPS/JEM |

OPINION AND ORDER

Larry Cochran, a prisoner without a lawyer, filed a motion to reconsider the order dismissing his case. In the complaint, Cochran asserts that his constitutional rights were violated in connection with his federal conviction and sentencing in *United States v. Cochran*, 2:06CR114 (N.D. Ind. filed July 20, 2005), and requested monetary damages and a declaratory judgment. ECF 1. At the screening stage, I dismissed this case under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." ECF 5.

In the motion to reconsider, Cochran concedes that *Heck* barred his request for damages but maintains that it does not bar his request for a declaratory judgment

reflecting that his criminal conviction was unconstitutional. In *Heck*, the Supreme Court of the United States reached its holding after considering the need for finality and consistency in judicial resolutions and finding that collateral attacks on convictions and sentences in federal court should be confined to habeas actions. *Id.* at 484-86. Though *Heck* did not involve a request for a declaratory judgment, similar reasoning extends to such a request. *See Baldwin v. Raemisch*, 2019 WL 316746, at *3 (W.D. Wis. 2019); *Turner v. County of Cook*, 2005 WL 3299822, at *10 (N.D. Ill. 2005); *Jones v. Watkins*, 945 F.Supp. 1143, 1150-51 (N.D. Ill. 1996) ("[A plaintiff] cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus."). Civil rights claims "must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004), citing *Preiser v. Rodriquez*, 411 U.S. 475, 489 (1973).

In his underlying criminal case, 2:06CR114-JTM, Cochran attempted a direct appeal, various motions such as to nullify the judgment and for relief from judgment, a petition for a writ of mandamus, a motion to vacate under 28 U.S.C. §2255, an appeal from the denial of that, at least one successive (and unsuccessful) §2255 motion, a "petition for writ of audita querela," further appeals and more. The catalogue goes on and on, and is well summarized in Judge James T. Moody's Opinion and Order of September 6, 2018 [Cause No. 2:06CR114, DE 532], addressing one batch of Cochran's

2

motions challenging his sentence. In an Order issued February 4, 2016, the Court of Appeals gave a warning:

> More than six years ago, we affirmed Larry Cochran's conviction and 405-month prison sentence for possessing with intent to distribute crack cocaine…Since then, Cochran has pursued multiple collateral challenges to his sentence, and we have warned him that more of the same could result in sanctions…Despite that warning, however, Cochran filed yet another attack on his sentence….

[Cause No. 2:06CR114, DE 473-2 at 1-2.] Cochran was later sanctioned $500 and until he paid it was a restricted filer unable to file new civil actions in any court within the circuit. [DE 481 at 1.] Correctly foreseeing the future, the court "also warn[ed] Cochran that cases such as this one are subject to dismissal in the district court as unauthorized collateral attacks." [DE 473-2 at 3.] To the extent Cochran's complaint in this matter seeks a declaratory judgment that his civil rights were violated by his prosecution in Cause No. 2:06CR114 and that he was convicted of a non-existent offense, his complaint is an unauthorized collateral attack and was properly dismissed in its entirety.

ACCORDINGLY:

The court DENIES Larry Cochran's motion to reconsider (ECF 8).

SO ORDERED on September 14, 2020.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT

3